**ORIGINAL**  **FILED**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Bid Protest

AUG 27 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| OAK GROVE TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14- 782C |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Oak Grove Technologies, LLC ("Oak Grove"), by and through its undersigned counsel, files this Complaint for declaratory and injunctive relief and alleges as follows:

### NATURE OF THE CASE

1. Oak Grove brings this action to set aside and enjoin the decision by Defendant, the United States of America, acting by and through the Department of State, Foreign Service Institute ("FSI"), to override the mandatory stay imposed by the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553(d)(3)(A), when Oak Grove filed a post-award bid protest with the U.S. Government Accountability Office ("GAO") challenging FSI's award of two Task Orders to Coley & Associates, Inc. ("Coley") and The Ventura Group, Inc. ("Ventura"). Oak Grove filed its GAO protest on August 14, 2014. FSI executed its "Determination and Findings" justifying the override of the CICA stay on August 22, 2014.

00009799

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491(b). RAMCOR Servs. Group, Inc. v. United States, 185 F.3d 1286, 1290 (Fed. Cir. 1999); and Chapman Law Firm Co. v. United States, 62 Fed. Cl. 464, 466 (2004).

3. The remedies Oak Grove seeks are authorized by the Tucker Act, 28 U.S.C. § 1491.

## PARTIES

4. Oak Grove is a limited liability company with its principal place of business in the state of North Carolina. Oak Grove's primary business is providing professional services to the United States Government through numerous contract vehicles.

5. Defendant is the United States of America, acting by and through Department of State, Foreign Service Institute.

## FACTUAL BACKGROUND

### The RFQ and the Offer in Response

6. FSI is the U.S. Government's primary training institution for officers and support personnel of the U.S. Foreign Affairs community.

7. On June 13, 2014, FSI issued RFQ No. SFSIAQ-14-R-0002 for eLearning development services in support of FSI's eLearning development program (the "RFQ").

8. The scope of work concerns the development and delivery of web-based multimedia courses, products, materials and related services to U.S. diplomats and other civilian Government employees.

9. The RFQ contemplated the award of one or more Task Orders against offeror Federal Supply Schedules. The period of performance was for a one-year base period and four

(4) one-year option periods. The RFQ did not state an anticipated value of the Task Orders that would be awarded pursuant to the RFQ, but FSI subsequently indicated that it received offers at proposed prices between $36 million and $41 million, assuming FSI exercises all options.

10. Oak Grove submitted an offer in response to the RFQ. On July 22, 2014, FSI notified Oak Grove that FSI rated Oak Grove's proposal as "Excellent" and that Oak Grove's proposal was included in the competitive range. After FSI considered the oral presentations given by each offeror in the competitive range, FSI notified Oak Grove on August 5, 2014 that FSI had not selected the Oak Grove proposal for a Task Order award. The notice stated FSI had awarded Task Orders to Coley and Ventura (collectively, the "Awardees").

**The Protest and Override**

11. On August 14, Oak Grove filed a protest challenging FSI's award decision at GAO. Oak Grove filed its protest within ten calendar days of FSI's award of the Task Orders; accordingly, consistent with CICA's stay provisions and Federal Acquisition Regulation ("FAR") §33.104(c)(1), FSI was required to suspend contract performance under the awarded Task Orders.

12. On Friday, August 22, FSI informed the GAO and Oak Grove the agency had decided to override the CICA-imposed stay of contract performance.

13. FSI provided Oak Grove with the agency's Determination and Findings ("D&F") in support of its decision to override the stay. In the D&F, FSI contends it is in the best interests of the United States for FSI to override the stay. In particular, FSI states that its maintaining the stay of contract performance would "negatively impact" the FSI eLearning design and development program.

14. FSI explains in the D&F that the RFQ included requirements not included in the incumbent Task Order scope of work. According to FSI, if there is a delay in performing the

new Task Order requirements, the "technical operability" of FSI's "current course portfolio would be compromised." FSI also states certain eLearning courses "would not be delivered to stakeholders upon committed launch date" and certain eLearning courses "would not be delivered" at all.

15. In the D&F, FSI determines that the costs associated with terminating the awarded Task Orders in the event Oak Grove prevails in its protest at GAO outweighs the risks associated with the delay in performance of the Task Orders. FSI also concludes that the override will not prejudice Oak Grove.

## CLAIMS FOR RELIEF

## COUNT I

### (Declaratory Judgment)

16. Oak Grove incorporates by reference all the preceding paragraphs.

17. Pursuant 28 U.S.C. § 1491(b)(2) this Court "may award any relief that the court considers proper, including declaratory and injunctive relief."

18. Oak Grove is entitled to a declaratory judgment that FSI's decision to override the mandatory CICA stay is invalid under the standards set forth in the Administrative Procedures Act, 5 U.S.C. § 706, in that the decision was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

19. Oak Grove has suffered injury and will continue to suffer injury because of FSI's arbitrary, capricious and unreasonable decision to override the stay of performance of the Task Orders. Oak Grove has no adequate remedy at law for this injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Oak Grove prays that this Court grant the following relief:

1. Enter a declaratory judgment holding that FSI's decision to override the CICA-mandated stay of performance of the Task Orders is arbitrary, capricious, or lacks rational basis; setting aside the override decision; and reinstating the CICA stay *de jure*.

2. Issue a temporary restraining order prohibiting FSI from overriding the CICA stay or otherwise permitting the Awardees to commence or continue performing the Task Orders;

3. Issue a preliminary injunction prohibiting FSI from overriding the CICA stay or otherwise permitting the Awardees to commence or continue performing the Task Orders, until such time as the Court enters a final judgment on the merits of this action or the GAO has ruled on Oak Grove's GAO bid protest;

4. Award Oak Grove its costs and expenses, including reasonable attorneys' fees and expenses;

5. Grant Oak Grove such other relief as the Court deems just and proper.

Dated: August 27, 2014

Respectfully submitted,

_____
Devon E. Hewitt (D.C. Bar No. 421515)

**PROTORAE LAW, PLLC**
8075 Leesburg Pike, Suite 760
Vienna, VA 22182
Telephone: (703) 942-6746
Facsimile: (703) 942-6758
dhewitt@protoraelaw.com

*Counsel of Record for Plaintiff Oak Grove Technologies, LLC*

<u>Of Counsel</u>:
James B. Kinsel
**PROTORAE LAW, PLLC**
8075 Leesburg Pike, Suite 760
Vienna, VA 22182
Telephone: (703) 749-8507
Facsimile: (703) 942-6758
jkinsel@protoraelaw.com

<u>Of Counsel</u>:
John H. Hawthorne
**PROTORAE LAW, PLLC**
8075 Leesburg Pike, Suite 760
Vienna, VA 22182
Telephone: (703) 749-8507
Facsimile: (703) 942-6758
jhawthorne@protoraelaw.com